Charles W. Coe
LAW OFFICE OF CHARLES W. COE
805 W 3rd Avenue, Suite #100
Anchorage, Alaska 99501
Ph: (907) 276-6173
Fax: (907) 279-1884
charlielaw@gci.net

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NOBUKO DASH, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> vs. ) <br> ) Case 3:07-cv-_____ (____) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) **COMPLAINT** <br> _____ ) | |

COMES NOW, the plaintiff, NOBUKO DASH, by and through her attorney, CHARLES W. COE, to state and allege the following as her cause of action for her complaint.

I

This court has jurisdiction over this cause of action pursuant to 28 U.S.C. 1346(b) and 28 U.S.C. 2671, et seq., (the Federal Tort Claims Act) as hereinafter more fully appears.

II

Venue is proper in the United States District Court for the District of Alaska pursuant to 28 U.S.C. 1402(b). The plaintiff was a resident within the District of Alaska when this incident occurred and when the act or omission complained of occurred within the District of Alaska and the United States is a defendant.

III

A Federal Tort Claim was filed with the United States Air Force on September 15, 2006 Administratively, the U.S. Air Force failed to resolve or deny this claim within six months and suit is permitted under 28 U.S.C. 2675(a).

IV

The United States of America is a defendant in this matter in that the U.S. Air Force is a department of the United States government and is vicariously liable for the acts/omissions of their employees, representatives, contractors, and agents under the theories of respondeat superior, agency, negligence, joint enterprise, negligent entrustment, and negligent supervision. The term defendant in this complaint means United States and/or U.S. Air Force acting through their employees, representatives, contractors and/or agents.

V

All events relevant to the cause of action of this complaint occurred in the state of Alaska.

VI

On or about September 25, 2004, plaintiff was a patient at the USAF Hospital at Elmendorf AFB and underwent several endoscopic retrograde cholangiopancreatography procedures (ERCP) to examine a possible biliary obstruction. During these procedures the sphinctertome broke and a balloon on the ERCP equipment broke resulting in a perforation of her bile duct. Plaintiff was released from the hospital without being told of the perforation and developed peritonitis due to the perforation.

VII

The defendant, through employees and representatives, owed a duty to the plaintiff to have knowledge and expertise to perform procedures and evaluations without injuring the plaintiff. The care provided to the plaintiff was below acceptable medical standards of care, outside or not within the skill and abilities, of the defendant's employees and representatives performing the ERCP procedure and follow-up care of the plaintiff. These procedures and subsequent follow-up care was completed with such disregard for the necessary procedures and follow-up care such that the defendant is responsible for the injuries and damages sustained by the plaintiff. Plaintiff relied on defendant's warranties and representations that the staff was capable of performing procedures and evaluations of her condition without injuring her bile duct and properly evaluating her condition before releaseing her from the hospital.

VIII

Defendant, through their employees and/or representatives, owed a duty of care to the plaintiff and breached that duty of care during the procedures performed on the plaintiff by releasing her from the hospital without diagnosing and treating her condition, and her without informing her of her injury.

IX

As a direct and proximate result of defendant's negligence, plaintiff has suffered or will suffer permanent problems in continued care for the reoccurring condition, which has to be treated for on-going problems related to this incident. Plaintiff has incurred medical bills in the past and will incur medical bills in the future; lost wages in the past and future; pain and suffering in the past, present, and future; disfigurement; loss of enjoyment of life in the past, present, and future; and impairment to her digestive and intestinal system.

WHEREFORE, plaintiff prays for a judgment against the defendant as follows:

1. Compensatory damages in a sum to be proven at trial within the amount originally claimed in the administrative claims process;

2. Costs and attorney fees as allowed under the Federal Tort Claims Act; and

3. For such other relief as this court deems just and equitable.

DATED this 13th day of August, 2007.

By: s/Charles W. Coe
Attorney for Plaintiff
805 W 3rd Avenue, Suite #100
Anchorage, Alaska 99501
Phone: (907) 276-6173
charlielaw@gci.net
ABA#7804002